**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| BYRON DONNELLE CLAY, | |
| Plaintiff, | CIVIL ACTION NO.: 2:23-cv-72 |
| v. | |
| DR. S. DILLMAN, et al., | |
| Defendants. | |

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| BYRON DONNELLE CLAY, | |
| Plaintiff, | CIVIL ACTION NO.: 2:23-cv-80 |
| v. | |
| CAPTAIN MOSS, et al., | |
| Defendants. | |

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| BYRON DONNELLE CLAY, | |
| Plaintiff, | CIVIL ACTION NO.: 2:23-cv-95 |
| v. | |
| DR. S. DILLMAN, et al., | |
| Defendants. | |

**O R D E R**

Plaintiff filed 42 U.S.C. § 1983 Complaints in the above-captioned cases. Plaintiff's allegations in his Complaints are plainly related. Thus, the Court **DIRECTS** the Clerk of Court to: **FILE** all pleadings docketed in Civil Action Numbers 2:23-cv-80 and 2:23-cv-95 upon the record and docket of Civil Action Number 2:23-cv-72; **CONSOLIDATE** Civil Action Numbers 2:23-cv-72, 2:23-cv-80, and 2:23-cv-95; **ADD** Captain Moss, Colonel Young, Sheriff E. Neal Jump, Nurse T. Garlin, and Nurse Savage as named Defendants in Case Number 2:23-cv-72; and **CLOSE** Civil Action Numbers 2:23-cv-80 and 2:23-cv-95 and enter the appropriate judgments of dismissal in Civil Action Numbers 2:23-cv-80 and 2:23-cv-95.

**DISCUSSION**

A district court has authority to consolidate multiple actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotes omitted). "District courts in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." Id. at 1169 (internal quotes omitted). The decision of whether to consolidate "is entirely within the discretion of the district court as it seeks to promote the administration of justice." Gentry v. Smith, 487 F.2d 571, 581 (5th Cir. 1973); see also Devlin v. Transp. Communs. Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (explaining courts can sua sponte consolidate cases under Rule 42(a)). In exercising this discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions; the burden on the parties and the court posed by multiple lawsuits as opposed to one; the length of time required to conclude

multiple lawsuits as opposed to one; and the relative expense of proceeding with separate lawsuits if they are not consolidated.  Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).

A review of Plaintiff's three Complaints reveals he is challenging Glynn County Detention Center's refusal to accommodate his kosher diet.  The resolution of the allegations in all Complaints will require resolution of common factual and legal questions.  In light of the facts presented and the factors set forth in Hendrix, the Complaints in these three causes of action should be considered together to ensure consistent rulings.

## CONCLUSION

For the above-stated reasons, the Court **DIRECTS** the Clerk of Court to: **FILE** all pleadings docketed in Civil Action Numbers 2:23-cv-80 and 2:23-cv-95 upon the record and docket of Civil Action Number 2:23-cv-72; **CONSOLIDATE** Civil Action Numbers 2:23-cv-72, 2:23-cv-80, and 2:23-cv-95; **ADD** Captain Moss, Colonel Young, Sheriff E. Neal Jump, Nurse T. Garlin, and Nurse Savage as named Defendants in Case Number 2:23-cv-72; and **CLOSE** Civil Action Numbers 2:23-cv-80 and 2:23-cv-95 and enter the appropriate judgments of dismissal in Civil Action Numbers 2:23-cv-80 and 2:23-cv-95.

**SO ORDERED**, this 6th day of December, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA